IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                                 3:05cr112/RV
                                                                    3:07cv533/RV/MD

ANTOINETTE DOLORES ROCAMORA

---

# REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 52). The government has filed a response (doc. 57) and the defendant has not filed a reply, despite having moved for and been granted an extension of time in which to do so. (Doc. 59 & 60). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

## I. BACKGROUND

Defendant was charged in three separate criminal cases with a total of five counts of bank robbery. Case 3:05cr112, 3:05cr127, 3:05cr137.[1] The robberies were committed within a one month period between August 24, 2005 and September 23, 2005. (Doc. 29,

---

[1] The latter case was initially filed in the Southern District of Alabama, where one of the robberies occurred, but jurisdiction was transferred to this court.

at 18-25, PSR, ¶ 11). The specific facts surrounding the offense conduct are set forth in the PSR and in the appellate brief, and need not be repeated herein.

Defendant entered into a written plea and cooperation agreement. (Doc. 15). Pursuant to this agreement, she pleaded guilty to count one of the indictment in the above-styled case, to each count of the three count information filed in case 3:05cr127, and to a single count information file in case 3:05cr137. The agreement provided that with respect to each of the five charges, defendant faced up to 20 years imprisonment, up to five years supervised release, a $250,000.00 fine, a $100.00 special monetary assessment and would be required to pay restitution to each of the victims. (Doc. 15 at 3). The agreement further provided that the sentence to be imposed was left solely to the discretion of the district court, which would fashion a sentence within the statutory mandatory and minimum after consulting the U.S. Sentencing Guidelines. (*Id.* at 4).

The district court accepted defendant's guilty plea to the charges after conducting two separate plea colloquys, the first to the charges in the Florida cases, the second for the charge in the Alabama robbery. (Doc. 28 & 33).

A PSR was prepared, which reflected that defendant's combined adjusted offense level was 30.[2] Because she was a career offender pursuant to §4B1.1 due to two prior burglary offenses (PSR ¶¶ 92 & 97), which were considered "crimes of violence," her offense level became 32. (PSR ¶ 84). Defendant received a three level adjustment for acceptance of responsibility, for a total offense level of 29. (PSR ¶ 85). As a career offender, defendant's criminal history category was automatically VI.[3] (PSR ¶ 100).

Sentencing was also conducted in two parts. At the first hearing, the court expressed concern about whether the two burglary offenses identified in the PSR were properly considered for career offender status, that is, whether there was an intervening arrest. (Doc. 34 at 2-5). Sentencing was continued for the parties to further investigate this issue. When the court reconvened, it determined that an intervening arrest had

---

[2]Because the offenses involved different victims and addressed different harms, they could not be grouped together pursuant to the grouping rules in §3D1.2(a)-(d), U.S.S.G. (PSR ¶ 37).

[3]Absent the career offender classification, her criminal history category would have been IV.

*Case No: 3:05cr112/RV; 3:07cv533/RV/MD*

occurred, and as such both offenses were countable. (Doc. 35 at 6). The court overruled the defense objection to the adjustment for the threat of death made during the course of the robberies. (Doc. 35 at 13-14). Defendant was sentenced to a term of 156 months in case 3:05cr112, 160 months as to each count in case 3:05cr127, and a term of 156 months in case 3:05cr137, with each sentence to run concurrently. (Doc. 35 at 22). The court also directed defendant to participate in the residential drug abuse treatment program in the Bureau of Prisons, to pay a special monetary assessment of $500, and restitution in the amount of $6912.00. (*Id.* at 23).

After filing a notice of appeal, counsel filed an *Anders*[4] brief. (Doc. 50). The Eleventh Circuit's independent examination of the entire record revealed no arguable issues of merit. It granted counsel's motion to withdraw, and affirmed defendant's conviction and sentence. (Doc. 50).

In the instant motion, defendant claims that counsel was constitutionally ineffective, that her pleas was "unknowing," that she did not receive an acceptance of responsibility adjustment, that her prior convictions were erroneously calculated, leading to an increase in her guidelines range, and that one of her prior convictions should not have been counted as a violent crime. The government argues that defendant's claims are procedurally barred or without merit.

## II. LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225

---

[4]*Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

A motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn v. United States,* 365 F.3d 1225, 1234-35 (11th Cir. 2004); *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"); *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn,* 365 F.3d at 1234; *Bousley,* 118 S.Ct. at 1611 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct

appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  *Lynn*, 365 F.3d at 1239.

Ground One: Ineffective assistance of counsel

Defendant first contends that counsel was ineffective because he did not tell her that she would be ineligible for the one year reduction in her sentence for satisfactory completion of the BOP's residential drug abuse treatment program authorized by 18 U.S.C. § 3621(e) and implemented by 28 C.F.R. § 550.58.  To show a violation of her constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that she was prejudiced by this inadequacy.  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997,

1002 (11th Cir. 2007). "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry her burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

In this case, defendant asserts that she "was told she was eligible for the reduction" although she does not say who told her or when. She does not say that the misinformation about her eligibility induced or influenced her in any way to enter her guilty plea, nor could she make such an assertion in the face of her sworn statement during the plea colloquy that no other promises of any sort had been made in order to get her to plead guilty. (Doc. 33 at 28). The record contains no indication that defendant's plea was anything other than knowingly, freely and voluntarily made. Defendant's conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Ground Two: Unknowing plea

Defendant contends that her Fifth Amendment rights were violated because her plea was not knowing, since she was misadvised of the consequences of her plea. Defendant does not explain what "misadvice" she received, but to the extent this claim relates to the drug treatment program, she has not met her burden of showing a violation of her constitutional rights. The district court's thorough plea colloquy establishes that she was fully informed of the potential consequences of entering a guilty plea. The claim is procedurally barred for her failure to raise it on appeal, and even absent a procedural bar, her vague unsupported allegations do not entitle her to relief.

Ground Three: Acceptance of Responsibility adjustment

Defendant contends that she did not receive a three level reduction pursuant to U.S.S.G. § 3E1.1.  This claim is factually incorrect as the record reflects that she <u>did</u> receive the appropriate adjustment.  (PSR ¶¶ 33, 35, & 82).

Ground Four: Erroneous calculation of prior convictions

Defendant next states that her priors were erroneously counted, therefore placing her above the recommended Guidelines range.  She states that her priors "should have placed her at a level 27 and not a level 31."  Defendant's claim is procedurally barred for her failure to raise it on direct appeal.  It is also vague, and to the extent it can be discerned, factually unsupported.  It was not defendant's prior convictions that established her offense level, except to the extent that the career offender provision, § 4B1.1, applied to her case.  Pursuant to that provision her offense level was 32, but was reduced to 29 due to the acceptance of responsibility adjustment.   Without the career offender enhancement, defendant's her total offense level was 27.  The record reflects that career offender status was properly applied to the defendant after discussion between the court and counsel (doc. 34, doc. 35 at 1-10), and she is not entitled to relief.

Ground Five: Burglary as crime of violence

Defendant was classified as a career criminal due to two prior convictions for burglary.  She claims that one of her burglary convictions was not a "violent crime" and hence should not have been counted as a qualifying offense.

Defendant states that burglary is a generic offense under the law of New Hampshire where the conviction in question occurred, and that under New Hampshire law it is not a crime of violence to burglarize a place of business or a non-residential dwelling.  She argues that the burglary of the Nashua Swim & Tennis Club, therefore, could not be counted as a crime of violence for purposes of assigning her career offender status.  Defendant's assertion that the burglary of the NSTC was used to qualify her for career offender status is factually mistaken.  That burglary was listed in paragraph 98 of the PSR.

The two career-offender qualifying offenses were in paragraphs 92 and 97 respectively, and involved burglaries of private residences.  Even if she were correct about the definition of burglary under New Hampshire law, she would not be entitled to relief because the conviction in question was not involved in the career offender determination, a fact that was also determined by the court at sentencing.  (Doc. 35 at 9-10).

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 52)  be DENIED.

At Pensacola, Florida, this 11th day of July, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:05cr112/RV; 3:07cv533/RV/MD*